IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN SELBY, | ) |
| PLAINTIFF, | ) |
| v. | ) 1:20-cv-240 |
| | ) **Jury Trial Demanded** |
| LT. ERIC CAFFERY (C-BLOCK), CORRECTIONAL OFFICER JOHN DOE, VENANGO COUNTY (PENNSYLVANIA) and VENANGO COUNTY JAIL, | ) |
| DEFENDANTS. | |

## COMPLAINT

AND NOW, comes the Plaintiff, Ryan Selby, by and through his attorneys THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay Jr., Esquire, J.P. Senich, Esquire, and Max Roesch, Esquire, and files the following Complaint.

### I.   INTRODUCTION

1.   Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Venango County Jail, Lt. Eric Caffery (C-Block Lieutenant), Correctional Officer John Doe, Venango County in the Commonwealth of Pennsylvania and the Venango County Jail acting under color of state law, violated Plaintiff's Constitutional Rights; specifically his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from inmate Jarvis Mitchell. Mitchell had previously attacked two other inmates just days before he attacked the Plaintiff causing severe injuries including but not limited to facial reconstructive surgery and requiring that his jaw be wired shut for several weeks.

## II. JURISDICTION AND VENUE

2. This action arises under 42 U.S.C. § 1983, and this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343.

3. Venue is proper pursuant to 28 U.S. § 1391 in the Western District of Pennsylvania as this is the district where the cause of action arose, the district where the transactions and occurrences took place out of which the cause of action arose, and is a district in which Defendants regularly conduct activity.

## III. PARTIES

4. Plaintiff, Ryan Selby, is an adult individual currently residing at 836 Backus Street Jackson, Michigan, 49202, and at all times pertinent to this Complaint, Plaintiff was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

5. Lieutenant Eric Caffery, C-Block Lieutenant responsible for the cell assignment and placement of inmates at Venango County Jail, acting under color of state law, located at 1186 Elk Street, Franklin, PA 16323.

6. Correctional Officer John Doe, responsible for the safety and wellbeing of inmates at Venango County Jail, acting under color of state law, located at 1186 Elk Street, Franklin, PA 16323.

7. Defendant Venango County Jail, acting under color of state law, located at 1186 Elk Street, Franklin, PA 16323.

8. Defendant Venango County, acting under color of state law, located at 1187 Elk Street, Franklin, PA 16323.

9. Each Defendant is sued individually and in his/her/its official capacity. At all times relevant to this Complaint, each Defendant acted under the color of state law.

## FACTUAL ALLEGATIONS

10. Plaintiff Ryan Selby was placed in C-block at Venango County Jail while pending a

disciplinary hearing.

11. Plaintiff's first cellmate complained that he did not want to be housed with Plaintiff because he is African- America. Lt. Caffery ordered that Plaintiff be moved into a different cell.

12. Upon arrival at the new cell assignment, Plaintiff was uncomfortable because that cell mate was acting erratically; upon information and belief, that cellmate was withdrawing from methamphetamine.

13. Lt. Caffery then ordered that Plaintiff be housed with Jarvis Mitchell, an inmate who had recently attacked two other inmates on two different occasions.

14. The first night Plaintiff was celled with Mitchell passed without incident although Plaintiff noticed that he was agitated. The following morning, Plaintiff informed John Doe Correction Officer that Mitchell made him uncomfortable. Plaintiff was also informed by an unknown inmate that Mitchell had a tendency to assault other inmates.

15. The second night Plaintiff was celled with Mitchell, he fell asleep and does not remember much except that he and Mitchell had a conversation about music.

16. At some point in the middle of the night, Plaintiff was awoken when Mitchell began to choke him until he blacked out. At some point, which Plaintiff does not recall, he was able to hit the alert button in his cell.

17. Former Correctional Officer Christina Rice was the first to respond and she found Plaintiff severely injured on the floor of the cell.

18. Two other Venango County Jail corrections officers responded after Rice escorted him with the assistance of holding him up while he was limping to him to the medical unit.

19. The medical staff took pictures of Plaintiff's injuries, provided cursory treatment and loaded Plaintiff in the back of a Ford Explorer to be escorted to the local hospital.

20. Once at the hospital, the attending physician examined him and determined that

Plaintiff's injuries were too severe to be treated at that facility and ordered that he be escorted by helicopter to Pittsburgh, specifically UPMC Presbyterian.

21. It took 45 minutes for the helicopter to be ready to leave for Pittsburgh because an alternative corrections officer was needed to fly with Plaintiff since the officer who was escorting him was over the weight limit to board the helicopter.

22. Once Plaintiff arrived at Presbyterian Hospital in Pittsburgh, he was immediately sutured on his nose, lip, and chin.

23. After Plaintiff was treated, they rushed him into another room to take x-rays.

24. It was determined that the Plaintiff also needed to have a titanium rod placed on his chin because he suffered a broken mandible in the assault. The surgeons removed the sutchers, partially removed his bottom lip and made a deep incision inside Plaintiff's mouth to perform the surgery.

25. Plaintiff spent five to six days in Presbyterian Hospital in Pittsburgh to recover.

26. Plaintiff was then transported to Butler County Prison.

27. Plaintiff was not sent from the hospital with pain medication and needed to wait until jail staff filled his prescription later in the day.

28. After two weeks of recovery, Plaintiff was supposed to have a follow-up appointment at Presbyterian Hospital.

29. The Butler County Jail was unable to transport Plaintiff, so he had to wait until staff from Venango County Jail could transport him.

30. Plaintiff waited approximately three weeks to attend his follow-up appointment.

31. Plaintiff had his follow-up appointment several weeks after the recommended appointment date, when the doctors at Presbyterian Hospital took an x-ray of his jaw and noticed that it had shifted to the left side.

32. The doctors told Plaintiff that they would have to undo the first surgery and put titanium

on the left side of his face to readjust his jaw.

33. The doctors also diagnosed Plaintiff with temporomandibular joint dysfunction (TMJ), which would cause his jaw to pop when Plaintiff opens up his mouth.

34. The doctors completed the surgery and wired his jaw shut; Plaintiff was taken back to Butler County Jail a second time after completing his three-day recovery in the hospital.

35. Two or three weeks later, Plaintiff was transfer to SCI-Greene while his mouth was still wired shut.

36. When Plaintiff arrived at SCI Greene, the correctional officers said Plaintiff was supposed to stay at Butler County until he was fully healed.

37. Plaintiff was placed in the medical unit in isolation and had to wait for the correction officers to get Plaintiff food and dietitians orders for a liquid diet.

38. Plaintiff was kept in the medical unit for six weeks, until Plaintiff was cleared to be taken back to Pittsburgh to have his wires removed.

39. Plaintiff has suffered lasting damage in the way of scarring on his nose, lip, chin, and neck; numbness in his lip on the left side; permanent nerve damage; and the loss of the use of the tendons on the left side of his neck.

**COUNT I—(Violation of 42 U.S.C. § 1983—Violation of Eighth Amendment): Failure to Protect.**

40. The prior paragraphs are hereby incorporated by reference as though fully set forth herein.

41. At all times relevant, the Defendants were employees or agents of Venango County Jail

42. At all times relevant, the Defendants acted under color of State law, within the meaning of 42 U.S.C. § 1983.

43. The United States Constitution protects inmates from "cruel and unusual punishment" while incarcerated. See U.S. Const. Amend. VIII.

44. The prohibition against "cruel and unusual punishment" includes the obligation to ensure the safety of inmates.

45. Prisons are required "to take reasonable measures to protect prisoners from violence at the hands of other prisoners." See U.S. Const. Amend. VIII.

46. The Defendants knew of Mitchell's mental issues and propensity to be violent as evidenced by his continual reassignment to different cells with different cellmates and recent attacks on two other inmates.

47. Defendants knew or should have known that Mitchell posed a substantial risk of serious harm to Plaintiff.

48. Notwithstanding Defendants' actual notice of Mitchell's propensity of violence before placing him in Plaintiff's cell.

49. Defendants were reckless and deliberately indifferent to the obvious risk that Mitchell posed to Plaintiff's safety.

50. Defendants' response time was excessive, unreasonable and resulted in serious and severe injury to Plaintiff that has permanent and lasting effects.

51. Defendants violated their duty to protect Plaintiff from Mitchell's violent tendencies.

52. Plaintiff suffered -- and continues to suffer -- physical and emotional injuriesas a result of Defendants' failures.

53. Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Defendants be held jointly and severally liable for:

A. Compensatory damages for economic losses, emotional distress, humiliation, and pain and suffering;

B. Punitive damages;

C. Reasonable attorneys' fees and costs;

D. Declaratory, injunctive and other equitable relief; and

E. Such other and further relief as may appear just and appropriate.

Plaintiff hereby **DEMANDS A JURY TRIAL**.

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.,

*Alexander H. Lindsay*
Alexander H. Lindsay, Esq.
Pa. Supreme Court Id. No. 15088
110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724) 282-6600


*J.P. Senich*
J.P. Senich, Esq.
Attorney for Plaintiff
Pa. Supreme Court Id. No. 317813
110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724) 282-6600


*Max B. Roesch*
Max B. Roesch, Esq.
Attorney for Plaintiff
Pa. Supreme Court Id. No.
110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724) 282-6600